**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **MARGARET TURNER,** : | |
| : | |
|    **Plaintiff,** : | |
| : | **Civil Action No.** |
|    **v.** : | **7:11-cv-181 (HL)** |
| : | |
| **WALMART STORES INC. and** : | |
| **WALMART STORES EAST LP,** : | |
| : | |
|    **Defendants.** : | |

_____

## ORDER

The complaint in this personal injury action was initially filed in the State Court of Lowndes County on November 22, 2011. Defendants filed a Notice of Removal (Doc. 1) on December 28, 2011, asserting diversity jurisdiction in accordance with 28 U.S.C. § 1332 as the basis for removal.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the Notice of Removal to determine whether the diversity jurisdictional requirements in this case have been satisfied. *See* Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). After review, the Court has determined that the jurisdictional requirements for removal have not been met.

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the

scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case that was originally filed in state court if the defendant can demonstrate federal subject matter jurisdiction. For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). In reviewing notices of removal, removal statutes should be strictly construed, and in the face of a conflict, all uncertainties should be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal subject matter jurisdiction can be based upon either a question of federal law or diversity of citizenship. In this case, Defendants assert that removal is proper based on diversity of citizenship. Diversity jurisdiction is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties, and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1).

Here, Defendants have demonstrated that the requirement of amount in controversy has been satisfied. In their Notice of Removal, Defendants state that

Plaintiff has alleged medical expenses in the amount of $58,652.94, and Plaintiff also seeks general damages and attorney's fees and costs. Further, Defendant notes that "prior to filing suit, Plaintiff demanded $400,000.00 in settlement of her claims." (Doc. 1, p. 2.) This is sufficient to establish that the amount in controversy requirement has been met. However, the citizenship of the parties is still in question.

A party must distinctly and affirmatively plead citizenship. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980). A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. 28 U.S.C. §1332(c)(1). The Supreme Court of the United States has determined that the "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Hertz v. Friend, 130 S. Ct. 1181, 1186 (2010). Alternatively, for purposes of a diversity case, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004).

Regarding natural persons, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity

3

jurisdiction. <u>Delome v. Union Barge Line Co.</u>, 444 F.2d 225, 233 (5th Cir. 1971). Domicile is not always the same as residence, as a person may reside in one place, but be domiciled somewhere else. <u>Thomas v. Thomasville Toyota</u>, 623 F.Supp.2d 1378, 1381 (M.D.Ga. 2008) (citation omitted).

In this case, Defendants state in their Notice of Removal that Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP are "Delaware business entities, with their primary business offices in Arkansas." (Doc. 1, ¶ 3.) Defendants further state that Plaintiff is "a resident of the State of Georgia." (Doc. 1, ¶ 4.) These allegations are insufficient to meet the pleading requirements for proper diversity jurisdiction because only the residency of the parties has been asserted, not citizenship.

Having concluded that the requirements for diversity jurisdiction have not been met, the Court orders Defendants to file an amended notice of removal that properly pleads the citizenship of the parties no later than Monday, January 23, 2012. If Defendants fail to properly amend their Notice of Removal, this Court will have no choice but to dismiss the case for want of proper jurisdiction.

**SO ORDERED**, this the 9th day of January, 2012.

<u>*s/ Hugh Lawson*</u>
HUGH LAWSON, SENIOR JUDGE

ebr

4