**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**MARGARET TURNER,**

      Plaintiff,

      v.

**WAL-MART STORES EAST, L.P.,**

      Defendant.

Civil Action No. 7:11-CV-181

## ORDER

Before the Court is Plaintiff Margaret Turner's Motion to Join Party and Motion for Leave to Amend Pleadings (Doc. 18). Both of these Motions are discussed below.

### I.    BACKGROUND

Plaintiff filed this case in the State Court of Lowndes County on November 22, 2012. On December 28, 2011, the case was removed to federal court on the basis of diversity jurisdiction.

The allegations in this case are straightforward. Plaintiff alleges that she was in a Wal-Mart store in Lowndes County, Georgia, looking at Christmas decorations in the garden center. While there, Plaintiff tripped and fell over a pallet truck that was being pulled through the store by a member of Wal-Mart's management team. Plaintiff alleges that the Wal-Mart employee gave no

indication that he was behind her. As a result of the fall, Plaintiff alleges that she sustained injuries to her right wrist.

## II.   **MOTION TO JOIN PARTY**

Plaintiff asks for leave to join Cory Terrell Smith as a defendant in this case. Smith was a manager at Wal-Mart at the time of the incident and was pulling the pallet truck through the store that Plaintiff allegedly tripped over. Plaintiff alleges that there is joint and several liability between Wal-Mart and Smith, and he should be joined under Federal Rule of Civil Procedure 20(a). In response, Wal-Mart argues that Smith should not be joined because the addition of Smith as a party would destroy federal subject matter jurisdiction.

According to 28 U.S.C. § 1447, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A district court considering whether to join a non-diverse party is faced with two options: (1) deny joinder or (2) permit joinder and remand the case to state court. Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). "The decision is committed to the sound discretion of the district court." Linares v. Home Depot U.S.A., Inc., 2012 WL 1441577 at *1 (S.D. Fla. Apr. 26, 2012).

When faced with amending a pleading to add a non-diverse defendant, the district court should "scrutinize that amendment more closely than an ordinary amendment and should deny leave to amend unless strong equities support the amendment." Id. (citing Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d

2

1275, 1281 (N.D. Ala. 2002) (internal quotations omitted)). In considering a Motion for Joinder in a diversity case, the parties are not on equal footing when the question is one of adding a non-diverse party. "Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." Id. (citing Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000)). Non-diverse defendants have the right to remove and litigate in federal court when diversity exists, and this right should not be taken away without due consideration.

To determine whether to permit joinder, the district court should employ a balancing test to weigh the defendant's interest in maintaining a suit in federal court with the plaintiff's interest in adding an additional party. The district court should consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." Linares, 2012 WL 1441577 at *2 (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).

In this case, the four factors of the balancing test weigh in favor denying the Motion for Joinder. As to the first factor, it is unclear whether Plaintiff's intent with the Motion for Joinder was to destroy federal subject matter jurisdiction. Plaintiff did not file a brief responding to Defendant's argument about the destruction of federal subject matter jurisdiction, so it is unclear to what degree

3

Plaintiff was motived by the desire to remand this case to state court. Next, as for whether Plaintiff employed dilatory tactics, it is again unclear what motivated Plaintiff to file the Motion for Joinder when she did. Plaintiff simply states in her Motion that she learned of Cory Terrell Smith's involvement in the incident during the course of discovery and asks the Court to add him as a defendant. However, without accusing Plaintiff of employing strategic or underhanded tactics, the Court notes that the Motion was filed almost eleven months after the case was removed and within two months of the end of discovery.[1]

Analyzing the third factor, the Court finds that Plaintiff will not suffer injury if the Motion for Joinder is not granted. Smith was an employee of Wal-Mart and Plaintiff is already seeking recovery against Wal-Mart directly. Thus, while denying the Motion for Joinder would mean that Plaintiff is unable to seek redress against Smith individually, she would not be denied compensation for her injuries if Smith was not included as a Defendant since Wal-Mart is still a party to the case. Finally, as to the last factor of the balancing test, the Court finds that the equities weigh in favor of denying the Motion for Joinder. At this point, the case is nearing its conclusion. The deadline for discovery was November 30, 2012 and the deadline for dispositive motions is January 15, 2013. Adding Smith to the case at this point would necessitate remanding the case to state court, where the lawsuit could linger for weeks or months. The Court finds that an

---

[1] The case was removed on December 28, 2011 and the Motion for Joinder was filed October 5, 2012.

interest in judicial economy and efficiency weighs in favor of denying the Motion for Joinder so that the Plaintiff may receive any compensation to which she is entitled and the litigation can be concluded.

Considering the four factors analyzed above, the Court finds that the equities weigh against adding Smith as a defendant. The case has proceeded too far at this point and adding Smith would only serve to slow the case's progress. Thus, the Motion for Joinder is denied. Wal-Mart remains the only Defendant in this case.

III.   **MOTION TO AMEND**

Plaintiff asks to amend the Complaint in this case to add a claim for punitive damages. Plaintiff claims that Defendant Wal-Mart "rendered no aid or assistance to the Plaintiff after her injury, and an independent party contacted emergency medical services to aid the Plaintiff after the Defendant refused to contact emergency medical services." (Doc. 18-2, p. 2.) Plaintiff further claims that Defendant's acts show "willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which raises the presumption of conscious indifference to consequences and the rights of others." Id.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." However, an amendment should not be allowed "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party;

5

or (3) where amendment would be futile." <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is futile where the complaint as amended would still be subject to dismissal. <u>Cox v. Mills</u>, 46 Fed. Appx. 885, 889 (11th Cir. 2012).

In this case, Wal-Mart argues that an amendment to the Complaint would be futile because punitive damages are not warranted in this case and a claim for them would not survive a motion to dismiss. Punitive damages are only available in certain cases. These damages are authorized "not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant." O.C.G.A. § 51-12-5.1(c). Georgia law dictates that punitive damages are only appropriate in those tort actions "in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Conscious indifference to consequences occurs when there is "an intentional disregard of the rights of another." <u>Carter v. Myers</u>, 204 Ga. App. 498, 500, 419 S.E.2d 747, 749 (Ga. App. 1992) (internal citations omitted). "Negligence, even gross negligence, is inadequate to support a punitive damages award. … Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage." <u>Lindsey v. Clinch Co. Glass, Inc.</u>, 312 Ga. App. 534, 534, 718 S.E.2d 806, 807 (Ga. App. 2011) (internal citations omitted).

The Court finds that the record does not contain sufficient evidence to support a claim for punitive damages. Plaintiff's premises liability claims do not demonstrate any of the aggravated circumstances that warrant punitive damages. Plaintiff's Complaint does not give any indication that the alleged events rise to the level of showing "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Even the alleged post-accident events, if proven true, do not support a claim for punitive damages. Plaintiff's Motion to Amend is denied.

IV.   **CONCLUSION**

In sum, Plaintiff's Motion (Doc. 18) is denied. Joinder is improper because joining Cory Terrell Smith would destroy federal subject matter jurisdiction and force the case to be remanded to state court. The Court finds this is not an appropriate course of action at this late date in the case. Further, amending the Complaint is unwarranted because Plaintiff has not presented to the Court sufficient evidence to demonstrate that punitive damages are justified.

**SO ORDERED,** this 5th day of December, 2012.

                                      _s/ Hugh Lawson_
                                      HUGH LAWSON, SENIOR JUDGE


ebr

7